IN THE SUPREME COURT OF THE STATE OF NEVADA

CLIFFORD VERDON GRAHAM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77767

**FILED**

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery by a prisoner with the use of a deadly weapon and two counts of possession or control of a dangerous weapon by an incarcerated person. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Clifford Verdon Graham argues the district court abused its discretion by excluding his expert witnesses. This court reviews a district court's decision whether to allow expert testimony for an abuse of discretion. *Perez v. State*, 129 Nev. 850, 856, 313 P.3d 862, 866 (2013).

First, we conclude the district court properly excluded the testimony of an expert on prison culture. Graham relies on *Pineda v. State*, where we considered the admissibility of generalized expert testimony about gang culture. 120 Nev. 204, 213, 88 P.3d 827, 833-34 (2004). However, his reliance is misplaced. In *Pineda*, we concluded that expert testimony describing "[a] generalized sense of danger characteristic of gang interactions [was] relevant to Pineda's theory of self-defense that a reasonable person encountering [the victim] *under the circumstances described* would entertain a belief of apparent imminent danger of losing his life or sustaining great bodily injury." *Id.* at 213, 88 P.3d at 834 (emphasis added). Here, under the circumstances described at trial, no

19-50419

reasonable person would entertain the same belief because the confrontation had ended and the victim no longer presented an imminent danger to Graham.

Second, we conclude the district court properly excluded expert witness testimony that Graham was not suffering from a mental disease or delusion. The district court properly determined that the proffered testimony lacked relevance and would not have helped the jury "to understand the evidence or to determine a fact in issue." *See* NRS 50.275; NRS 48.015; *see also Runion v. State*, 116 Nev. 1041, 1046, 13 P.3d 52, 55-56 (2000) (discussing Nevada's self-defense law). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc:   Hon. James E. Wilson, District Judge
      State Public Defender/Carson City
      Carson City District Attorney
      Attorney General/Ely
      Carson City Clerk

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.